UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD D. BONE,<br>　　　　Petitioner,<br>　　v.<br>W. WILSON, et al.,<br>　　　　Respondents. | Case No. 17-cv-01401-JCS (PR)<br><br>**ORDER OF DISMISSAL** |

This federal action was filed as a petition for writ of habeas corpus under 28 U.S.C. § 2254, that is, as a challenge to the lawfulness or duration of petitioner incarceration.[1] A review of the petition, however, shows that petitioner sets forth claims regarding the conditions of his confinement, specifically about the inadequacy of the prison law library and prison staff reading petitioner's confidential documents. If he prevails on such claims it will not necessarily affect the length of his incarceration. This means that his claims are not the proper subject of a habeas action, but must be filed as part of a civil rights action under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

---

[1] Petitioner consented to magistrate judge jurisdiction. (Docket No. 6.) The magistrate judge, then, has jurisdiction to issue this order, even though respondents have not been served or consented to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $400 ($350 if pauper status is granted) and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $400 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these changes in the law, this federal action is DISMISSED without prejudice to petitioner filing a civil rights action if he wishes to do so in light of the above.

The Court notes that the filing fee has been paid. (Dkt. No. 5.)

The Clerk shall enter judgment in favor of respondents, and close the file.

**IT IS SO ORDERED.**

**Dated:** April 10, 2017

JOSEPH C. SPERO
Chief Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD D. BONE,<br><br>    Plaintiff,<br><br>v.<br><br>W. WILSON, et al.,<br><br>    Defendants. | Case No. 17-cv-01401-JCS<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 10, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Donald D. Bone ID: ID: P-30877
Golden State Modified Community Correctional Facility
611 Frontage Road
McFarland, CA 93250

Dated: April 10, 2017

                                         Susan Y. Soong
                                         Clerk, United States District Court

                                         By:_____
                                         Karen Hom, Deputy Clerk to the
                                         Honorable JOSEPH C. SPERO